# Exhibit B

**IN THE DISTRICT COURT OF ELLIS COUNTY, KANSAS**
**Division ___**

THOMAS D. WALTERS,                          )
                                            )
                    Plaintiff,              )
                                            )
vs.                                         )      Case No. *14 CV. 102*
                                            )
HAYS MEDICAL CENTER, INC., and              )
                                            )
MEDICAL SOLUTIONS L.L.C. d/b/a              )
MEDICAL SOLUTIONS,                          )
                                            )
                    Defendants.             )
_____ _____)

Pursuant to K.S.A. Chapter 60

## PETITION

COMES NOW the plaintiff, THOMAS D. WALTERS, and for his causes of action

against these defendants alleges and states as follows:

## PARTIES

1. Plaintiff Thomas Walters is an adult individual residing at 2151 Feedlot Road, Hays,

   Kansas 67601.

2. At all times material hereto, plaintiff Thomas Walters has been and remains married to

   Clara Walters.

3. Defendant Hays Medical Center, Inc., ("Hays Medical Center") is a private, not-for-

   profit-corporation existing under the laws of the State of Kansas with its principal place

   of business located at 2220 Canterbury Drive, Hays, Ellis County, Kansas 67601.

   Defendant Hays Medical Center may be served with Summons through service upon its

1

resident agent, Hays Medical Center, Inc., at its registered office located at 2220 Canterbury Drive, Hays, Kansas 67601.

4. Defendant Medical Solutions, L.L.C. d/b/a Medical Solutions ("Medical Solutions") is an agency that specializes in placing temporary and permanent personnel in healthcare jobs. Defendant Medical Solutions is incorporated in Delaware and has a principal place of business at 9101 Western Avenue, Suite 101, Omaha, Nebraska 68114. Defendant Medical Solutions regularly conducts business in the State of Kansas. To wit, defendant Medical Solutions regularly solicits business from and provides staffing to healthcare providers in the State of Kansas.  Defendant Medical Solutions may be served with Summons through service upon its resident agent, Koley Jessen P.C., L.L.O., at its registered office located at 1125 S. 103rd St., Suite 800, Omaha, Nebraska 68124.

5. At all times relevant hereto, the defendant corporations acted through their agents and employees and are vicariously liable for all conduct, acts, commissions, and/or omissions occurring during the course and scope of said agents' and employees' agency or employment with the defendant corporation.

## JURISDICTION AND VENUE

6. Plaintiff adopts and incorporates by reference paragraphs 1 through 5 of his Petition as if fully set forth herein.

7. This Court has subject matter jurisdiction over this action given that the defendants' conduct and subsequent harm to plaintiff occurred within the state of Kansas.

8. This Court has personal jurisdiction over Defendant Hays Medical Center given that the defendant Hays Medical Center is a business organized under the laws of the state of Kansas, with its principle place of business in Hays, Ellis County, Kansas.

2

9. This Court has personal jurisdiction over Medical Solutions pursuant to Chapter 17 of the Kansas Statutes Annotated, as, inter alia, defendant Medical Solutions transact business in this State, contracts to supply services in this State, and does not qualify for the foreign corporation exemptions listed in K.S.A. § 17-7303.  This Court further has personal jurisdiction over defendant Medical Solutions pursuant to the provisions of K.S.A. § 60-308(b).

10. Venue is proper in this Court pursuant to K.S.A. § 60-603, -604 and -605.

## FACTUAL COMMON TO ALL COUNTS

11. Plaintiff adopts and incorporates by reference paragraphs 1 through 10 of his Petition as if fully set forth herein.

12. From approximately May 24, 2010 to September 22, 2010, David Kwiatkowski ("Kwiatkowski") worked at Hays Medical Center as a radiologic technician with duties staffing the cardiac catheterization laboratory.

13. At that time, Kwiatkowski's employer was Defendant Medical Solutions, a staffing agency that placed Kwiatkowski at Hays Medical Center;

14. In the alternative, Kwiatkowski was employed by Defendant Hays Medical Center, which exercised the ability to control and direct Kwiatkowski's job performance.

15. Prior to working at Defendant Hays Medical Center, Kwiatkowski worked at UPMC Presbyterian ("UPMC"), a hospital in Pittsburgh, Pennsylvania.

16. Kwiatkowski was placed at UPMC by Maxim Staffing Solutions, Inc., another staffing agency.

17. On or about May 7, 2008, an employee of UPMC observed Kwiatkowski enter an operating room, lift his shirt, put a syringe in his pants, and exit the room. UPMC

3

determined that a syringe containing fentanyl, a Schedule II narcotic, was missing, having been replaced by a syringe containing a different liquid.

18. UPMC personnel confronted Kwiatkowski and found three empty syringes with fentanyl labels on Kwiatkowski's person. An empty morphine syringe was found in Kwiatkowski's locker. Fentanyl and opiates were found in Kwiatkowski's urine.

19. Beginning on or around May 7, 2008, and as a result of the above-described incident, Kwiatkowski was disallowed from working at UPMC.

20. Based on information and belief, between 2008 and 2010, following Kwiatkowski's departure from UPMC, he worked as a radiologic technician at the following institutions:

   a. Baltimore Veterans Affairs Medical Center in Baltimore, Maryland, from approximately May of 2008 to November of 2008;

   b. Southern Maryland Hospital in Clinton, Maryland, from approximately December of 2008 to February of 2009;

   c. Maryvale Hospital in Phoenix, Arizona, from approximately March 9, 2009, to June 27, 2009;

   d. Johns Hopkins Hospital in Baltimore, Maryland, from approximately July of 2009 to January of 2010;

   e. Maryland General Hospital in Baltimore, Maryland, from approximately January of 2010 to March of 2010;

   f. Arizona Heart Hospital in Phoenix, Arizona, from approximately March 22, 2010, to April 1, 2010 (Kwiatkowski was terminated after being found passed out in a bathroom stall with a 5 cc needle and syringe floating in the toilet); and

4

g. Temple University Hospital in Philadelphia, Pennsylvania, from approximately April 7, 2010, to April 30, 2010.

h. On or about May 24, 2010, Kwiatkowski began working at Hays Medical Center in Hays, Kansas.

21. Prior to placing Kwiatkowski at Hays Medical Center, defendant Medical Solutions was informed by another staffing agency called SpringBoard that SpringBoard would not rehire Kwiatkowski. This unfavorable information was reported by Kwiatkowski's placement specialist at Medical Solutions to her superior via email: "Springboard on his employment came back as non rehirable… I just need your approval on this." A response from the Medical Solutions superior came thirty five minutes later: "Approved ☺!"

22. Defendant Medical Solutions never followed up on SpringBoard's negative reference, nor did Medical Solutions inform Hays Medical Center of the negative reference before placing him there.

23. Kwiatkowski tested positive for hepatitis C in June of 2010 in Kansas.

24. Between approximately May and September of 2010, plaintiff Thomas Walters was a patient at the Hays Medical Center cardiac catheterization laboratory. Kwiatkowski was working at Hays Medical Center at the time.

25. While plaintiff Thomas Walters was a patient in the Hays Medical Center cardiac catheterization laboratory, he was administered medication through a syringe that had previously been diverted, used, infected, refilled, and replaced by Kwiatkowski.

26. Plaintiff Thomas Walters tested positive for hepatitis C on July 31, 2012, and August 1, 2012.

27. Based on information and belief, dozens of patients at hospitals where Kwiatkowski worked around the country have been infected with the same strain of hepatitis C as Kwiatkowski. For example, as of July 13, 2012, the New Hampshire Department of Health and Human Services announced that more than 30 people associated with the Exeter Hospital cardiac catheterization laboratory (where Kwiatkowski worked after his time at Hays Medical Center) have been infected with the same strain of hepatitis C as Mr. Kwiatkowski.

28. Based on information and belief, thousands of patients at hospitals where Kwiatkowski worked around the country are being tested for hepatitis C.

29. On July 19, 2012, the United States District Court for the District of New Hampshire issued a warrant for Kwiatkowski's arrest. The warrant lists the following offenses:

    a.  violation of 21 U.S.C. 843(a)(3), acquiring a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge; and

    b.  violation of 18 U.S.C. 1365(a)(3), tampering with a consumer product and the container for such product that affected interstate and foreign commerce with reckless disregard for the risk that another person will be placed in danger of death or bodily injury and under circumstances manifesting extreme indifference to such risk, resulting in serious bodily injury to another individual.

30. Plaintiff did not know, nor could he have known by due diligence, of the cause of his disease process until approximately July 19 2012, at which time the above referenced allegations were publically known.

31. On August 14, 2013, Kwiatkowski pled guilty to 14 federal drug theft and tampering charges, and on December 2, 2013, he was sentenced by the United States District Court for the District of New Hampshire to 39 years in prison.

32. Plaintiff claims that K.S.A.§ 60-19a02 violates §§ 5 and 18 of the Bill of Rights of the Constitution of the State of Kansas in that it deprives Plaintiff of his right to trial by jury and of his right to remedy by due course of law.

## Count I

## NEGLIGENCE - DEFENDANT HAYS MEDICAL CENTER

33. Plaintiff adopts and incorporates by reference paragraphs 1 through 32 of his Petition as if fully set forth herein.

34. At all times material hereto, Defendant Hays Medical Center held itself out as offering that degree of medical care and treatment as other similar hospitals under the same or similar circumstances.

35. At all times material hereto, Defendant Hays Medical Center owed plaintiff Thomas Walters a duty to practice medicine within the acceptable standard of care as other similar hospitals under the same or similar circumstances.

36. Defendant Hays Medical Center is vicariously liable for the negligent acts, commissions, and omissions of its employees, agents, ostensible agents, and/or staff who were at all times relevant hereto acting on behalf of defendant Hays Medical Center and within the scope of their employment with defendant Hays Medical Center, under the doctrines of respondeat superior and ostensible agency.

37. At all relevant times, defendant Hays Medical Center had a duty to adequately research the work history of all their medical staff and employees prior to allowing said employees

7

to interact with patients or provide direct patient care.  Defendant Hays Medical Center breached this duty when it allowed Kwiatkowski to work at its hospital, and such breach constitutes negligence.

38. At all relevant times, defendant Hays Medical Center had a duty which required defendant Hays Medical Center to guard against theft and diversion of controlled substances.  This duty further required defendant Hays Medical Center, upon discovery of theft or diversion of controlled substances, to take adequate steps to ensure that such conduct was prevented in the future

39. Defendant Hays Medical Center, as a healthcare provider, knew or should have known that Kwiatkowski had a history of abuses to controlled substances and in all likelihood had a drug problem and/or was a drug addict.

40. As a healthcare provider, defendant Hays Medical Center knew or should have known that medical staff such as Kwiatkowski, without intervention, would continue to engage in conduct in order to satisfy an individual's addiction and that conduct would be detrimental to the health and well-being of patients who come in contact with addicted individuals, such as Kwiatkowski, at their healthcare facilities.

41. Once defendant Hays Medical Center learned of Kwiatkowski's theft or diversion of controlled substances, Hays Medical Center had a duty to report Kwiatkowski to the appropriate state, federal, or other governmental agencies, law enforcement entities, staffing agencies, and/or to boards of physicians and licensing entities (such as the American Registry of Radiologic Technologists).

42. As a direct and proximate result of Defendant Hays Medical Center's negligent conduct and/or omissions, Kwiatkowski was in a position to continue to use controlled substances

which directly affected the health and well-being of patients, including plaintiff Thomas Walters.

43. Defendant Hays Medical Center (a) failed to guard against theft and diversion of controlled substances; (b) failed to properly supervise Kwiatkowski while he was employed at Hays Medical Center to ensure that he was not diverting controlled substances; (c) failed to report Kwiatkowski's theft, use, and/or diversion of controlled substances to any state, federal, or other governmental agency, to any law enforcement entity, or to any board of physicians or licensing entity; and (d) failed to take steps to ensure that Kwiatkowski would not, in the future, be able to steal, use, or divert controlled substances; defendant Hays Medical Center breached its duties and was negligent

44. Further, the medical care, management, diagnosis, evaluation and treatment provided to the decedent by defendant Hays Medical Center, by and through its employees, agents, ostensible agents, and staff, fell below the acceptable standards of medical care and treatment and constitutes negligence and fault on the part of defendant Hays Medical Center, which is vicariously liable for the negligent acts and omissions of its employees committed within the nature and scope of their employment.  These departures and deviations from the acceptable standards of care caused and/or contributed to personal bodily injuries and other damages to the plaintiff as more fully set forth below.

45. As a result of the separate and/or combined negligence and fault of Defendant Hays Medical Center, plaintiff Thomas Walters has been made to sustain and suffer serious personal bodily injuries and damages which are permanent and progressive in nature; he has been made to incur reasonable and necessary medical care and treatment to date; he

9

has been made to incur the expenses of that reasonable and necessary medical care and treatment to date; he will be made to undergo further necessary medical care and treatment in the future and sustain the costs associated with the same; he has been made to sustain past and future pain, suffering, and mental anguish; he has sustained permanent disabilities; he has sustained permanent disfigurement; he has suffered a permanent loss of enjoyment of life; and he has sustained other damages all in an amount in excess of $75,000.00 exclusive of interest and costs.

46. No act or omission on the part of plaintiff Thomas Walters caused or contributed to any of the damages being claimed herein.

47. The Plaintiff is entitled to a judgment against Defendant Hays Medical Center in an amount in excess $75,000.00, together with the costs of this action, attorney fees, and any other relief that this honorable Court deems just, given the circumstances.

### Count II

### NEGLIGENCE *PER SE* – DEFENDANT HAYS MEDICAL CENTER

48. Plaintiff adopts and incorporates by reference paragraphs 1 through 47 of his Petition as if fully set forth herein.

49. At all times relevant, defendant Hays Medical Center had a duty that required defendant Hays Medical Center to guard against theft and diversion of controlled substances. This duty further required defendant Hays Medical Center, upon discovery of theft or diversion of controlled substances, to take adequate steps to insure that such conduct was prevented in the future.

50. Once defendant Hays Medical Center learned of Kwiatkowski's theft or diversion of controlled substances, Hays Medical Center had a duty to report Kwiatkowski to the

appropriate state, federal, or other governmental agencies, law enforcement entities, and/or to boards of physicians and licensing entities (such as the ARRT).

51. In failing to guard against theft and diversion of controlled substances, and in failing to report Kwiatkowski's theft, use, and/or diversion of controlled substances to any state, federal, or other governmental agency, law enforcement entity, or board of physicians or licensing entity, defendant Hays Medical Center violated multiple state and federal statutes and regulations as set forth herein and was negligent per se.

52. Specifically, under federal law, defendant Hays Medical Center is and at all relevant times was a "registrant" with respect to controlled substances, meaning Hays Medical Center is required to register with the Department of Justice as an entity that manufactures, distributes, dispenses, imports, or exports controlled substances. 21 CFR §§ 1300.01 (defining "registrant"), 1301.11(a) (setting forth persons required to register); see also 21 U.S.C. §§ 822-23 (setting forth registration requirements).

53. As a registrant, at all relevant times, defendant Hays Medical Center had a legal duty to "provide effective controls and procedures to guard against theft and diversion of controlled substances." 21 C.F.R. § 1301.71; see also 21 C.F.R. § 1301.72-76 (setting forth security requirements).

54. As a registrant, defendant Hays Medical Center had a legal duty to "notify the Field Division Office of the [Drug Enforcement] Administration in [its] area, in writing, of the theft or significant loss of any controlled substances within one business day of discovery of such loss or theft." 21 C.F.R. § 1301.76(b). Defendant Hays Medical Center also had a legal duty, upon discovery the loss or theft, to "complete, and submit to the Field Division Office in [its] area, DEA Form 106 regarding the loss or theft." Id.

11

55. Furthermore, under Kansas law, defendant Hays Medical Center had a legal duty to "provide effective controls and procedures to guard against theft and diversion of controlled substances. . ." K.A.R. 68-20-15a(a).

56. The purpose of the above-listed statutes and regulations is to protect the interest of a group of individuals, namely healthcare patients who may be injured as a result of tampering with, theft of, and/or diversion of controlled substances.

57. The above-listed statutes and regulations clearly apply to the conduct of defendant Hays Medical Center, as defendant Hays Medical Center is a registered distributor of controlled substances.

58. In failing to provide effective controls and procedures to guard against theft and diversion of controlled substances—that is, by allowing Kwiatkowski to steal or otherwise divert the controlled substance Fentanyl—defendant Hays Medical Center violated 21 C.F.R. § 1301.71 (promulgated pursuant to 21 U.S.C. § 801 *et seq.*) and K.A.R. 68-20-15a(a).

59. In failing to notify the Field Division Office of the Administration in its area, in writing, of the theft or significant loss of the controlled substance Fentanyl within one business day of discovery of such loss or theft, defendant Hays Medical Center violated 21 C.F.R. § 1301.76(b) (promulgated pursuant to 21 U.S.C. § 801 *et seq.*).

60. Defendant Hays Medical Center's violation of the above-listed statutes and regulations was a legal cause of plaintiff Thomas Walters' injuries.

61. Had defendant Hays Medical Center complied with the above-listed statutes and regulations, Kwiatkowski would not have been able to infect plaintiff Thomas Walters.

62. Plaintiff Thomas Walters' injuries were the direct, legal and proximate result of defendant Hays Medical Center's negligence *per se*.

63. As a result of the separate and/or combined negligence and fault of Defendant Hays Medical Center, plaintiff Thomas Walters has been made to sustain and suffer serious personal bodily injuries and damages which are permanent and progressive in nature; he has been made to incur reasonable and necessary medical care and treatment to date; he has been made to incur the expenses of that reasonable and necessary medical care and treatment to date; he will be made to undergo further necessary medical care and treatment in the future and sustain the costs associated with the same; he has been made to sustain past and future pain, suffering, and mental anguish; he has sustained permanent disabilities; he has sustained permanent disfigurement; he has suffered a permanent loss of enjoyment of life; and he has sustained other damages all in an amount in excess of $75,000.00 exclusive of interest and costs.

64. No act or omission on the part of plaintiff Thomas Walters caused or contributed to any of the damages being claimed herein.

65. The Plaintiff is entitled to a judgment against Defendant Hays Medical Center in an amount in excess $75,000.00, together with the costs of this action, attorney fees, and any other relief that this honorable Court deems just, given the circumstances.

## Count III

## NEGLIGENCE – DEFENDANT MEDICAL SOLUTIONS

66. Plaintiff adopts and incorporates by reference paragraphs 1 through 65 of his Petition as if fully set forth herein.

67. Defendant Medical Solutions is vicariously liable for the negligent acts, commissions, and omissions of its employee and/or agent, David Kwiatkowski, who was at all times relevant hereto acting on behalf of Defendant Medical Solutions and within the scope of

13

his employment with Defendant Medical Solutions, under the doctrines of respondeat superior and ostensible agency.

68. At all relevant times, David Kwiatkowski had a duty to act in accordance with the standards of care required of radiologic technicians and to act as a reasonable person would under the same or similar circumstances.

69. This duty required Kwiatkowski to ensure that his conduct did not endanger patients or expose them to the risk of infection.

70. While in the employ of defendant Medical Solutions and while acting within the course and scope of that employment, Kwiatkowski breached his duty and was negligent, by:

    a.  Endangering plaintiff Thomas Walters by contaminating syringes at Hays Medical Center; and/or

    b.  Causing plaintiff Thomas Walters to become infected with hepatitis C.

71. Defendant Medical Solutions is vicariously liable for said negligence.

72. At all relevant times, defendant Medical Solutions had a duty to act in accordance with the standard of care required of healthcare staffing agencies and to act as a reasonable corporation would under the same or similar circumstances.

73. Defendant Medical Solutions breached its duty and was negligent, by:

    a.  Failing to properly train, test, supervise and monitor the acts of David Kwiatkowski; and/or

    b.  Failing to review on a continuous basis the competence and/or qualifications of David Kwiatkowski, to oversee David Kwiatkowski, and to determine his compliance with the community standards and his history of alleged noncompliance; and/or

14

    c.   Failing to use due care in the selection of physicians, employees, agents, and/or servants; and/or

    d.   Increasing the risk of harm to Plaintiff by the negligent acts and/or omissions stated in Paragraphs a through c.

74. The Plaintiff's injuries were the direct, legal and proximate result of defendant Medical Solutions' vicarious and/or direct negligence.

75. As a result of the separate and/or combined vicarious and/or direct negligence and fault of Defendant Medical Solutions, plaintiff Thomas Walters has been made to sustain and suffer serious personal bodily injuries and damages which are permanent and progressive in nature; he has been made to incur reasonable and necessary medical care and treatment to date; he has been made to incur the expenses of that reasonable and necessary medical care and treatment to date; he will be made to undergo further necessary medical care and treatment in the future and sustain the costs associated with the same; he has been made to sustain past and future pain, suffering, and mental anguish; he has sustained permanent disabilities; he has sustained permanent disfigurement; he has suffered a permanent loss of enjoyment of life; and he has sustained other damages all in an amount in excess of $75,000.00 exclusive of interest and costs.

76. No act or omission on the part of plaintiff Thomas Walters caused or contributed to any of the damages being claimed herein.

77. Plaintiff is entitled to a judgment against Defendant Medical Solutions in an amount in excess $75,000.00, together with the costs of this action, attorney fees, and any other relief that this honorable Court deems just, given the circumstances.

## Count IV

## LOSS OF CONSORTIUM

78. Plaintiff adopts and incorporates by reference paragraphs 1 through 77 of his Petition as if fully set forth herein.

79. Clara Walters is and was at all times the lawful wife of plaintiff Thomas Walters.

80. As a direct and proximate result of the negligence of the Defendants and the resulting injuries to Plaintiff Thomas Walters, as set forth above in this Petition, Clara Walters has suffered damages in the form of loss of household services, companionship, comfort, society, and spousal consortium.

81. Plaintiff Thomas Walters, for and on behalf of his wife, Clara Walters, brings a claim against the defendants named herein as a result of his wife's losses in this regard in an amount in excess of $75,000.00.

WHEREFORE, and by reason of the above and foregoing, plaintiff respectfully requests the Court enter judgment for the plaintiff and against these defendants in an amount in excess of $75,000.00, exclusive of costs, and further grant the plaintiff any additional relief which the Court deems to be just and equitable, given the circumstances.

Respectfully submitted,

SHAMBERG, JOHNSON & BERGMAN, CHTD.

Lynn R. Johnson, #07041
John M. Parisi, #14078
Daniel A. Singer, #24834
2600 Grand Boulevard, Suite 550
Kansas City, Missouri 64108
(816) 474-0004 Telephone
(816) 474-0003 Facsimile
ljohnson@sjblaw.com

16

jparisi@sjblaw.com
dsinger@sjblaw.com

**REQUEST FOR TRIAL BY JURY**

COME NOW the plaintiff in the above captioned matter and respectfully requests the

Court for a trial by jury on all issues so triable.

Lynn R. Johnson, #07041
John M. Parisi, #14078
Daniel A. Singer, #24834
SHAMBERG, JOHNSON & BERGMAN, CHTD.
2600 Grand Boulevard, Suite 550
Kansas City, Missouri 64108
(816) 474-0004 Telephone
(816) 474-0003 Facsimile
ljohnson@sjblaw.com
jparisi@sjblaw.com
dsinger@sjblaw.com

17