IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, ) | Case No. 2:15-cv-09200-JAR-TJJ |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MEDICAL SOLUTIONS, L.L.C., a ) | **ANSWER, COUNTERCLAIM AND** |
| Delaware corporation, WANDA J. BRAUN; ) | **DEMAND FOR JURY TRIAL** |
| THOMAS J. WALTERS; LINDA FICKEN; ) | **BY MEDICAL SOLUTIONS, L.L.C.** |
| DONALD RIEDEL; and RONNIE D. ) | |
| MURPHY AND CONNIE E. MCNEAL, as ) | |
| Co-Executors of the ESTATE OF ELEANOR ) | |
| Y. MURPHY, deceased, individually, and on ) | |
| behalf of all other surviving heirs-at-law of ) | |
| ELEANOR Y. MURPHY, deceased, ) | |
| ) | |
| Defendants. ) | |

COMES NOW Defendant Medical Solutions, L.L.C. ("Medical Solutions" or Defendant) states and alleges the following for its Answer to the Complaint of Evanston Insurance Company ("Evanston"):

1. Admits the allegations contained in paragraph 1.

2. Admits that Medical Solutions is a Delaware limited liability company with a principal place of business in Omaha, Nebraska. Medical Solutions further admits the name and address for its registered agent. Medical Solutions denies the remaining allegations contained in paragraph 2.

3. Denies the allegations contained in paragraph 3.

4. Upon information and brief, Medical Solutions admits that Varun Bedi is a resident of Scarsdale, New York, and accepts mail at the address in New York, New York. Defendant denies the remaining allegations contained in paragraph 4.

5. Upon information and belief, Medical Solutions admits that John Bretl is a resident of Connecticut and accepts mail at the address in New York, New York. Defendant denies the remaining allegations contained in paragraph 5.

6. Upon information and belief, Medical Solutions admits that Joe Cottone is a resident of Georgia and accepts mail at the address in New York, New York. Defendant denies the remaining allegations contained in paragraph 6.

7. Upon information and belief, Medical Solutions admits that Steve Francis is a resident of California. Defendant denies the remaining allegations contained in paragraph 7.

8. Upon information and belief, Medical Solutions admits that Patrick Duffy resides in Omaha, Nebraska. Defendant denies the remaining allegations the allegations in paragraph 8.

9. Upon information and belief, Medical Solutions admits the allegations contained in paragraph 9.

10. Upon information and belief, Medical Solutions admits that Dale Williams is a resident of Nebraska. Defendant denies the remaining allegations contained in paragraph 10.

11. Upon information and belief, Medical Solutions admits that Scott Anderson resides in Springfield, Nebraska. Defendant denies the remaining allegations contained in paragraph 11.

12. Upon information and belief, Medical Solutions admits the allegations contained in paragraph 12.

13. Medical Solutions admits that in her Petition against Medical Solutions, L.L.C. and Hays Medical Center, Inc., Braun alleged to be a resident of Russell County, Kansas. Medical Solutions lacks sufficient information to admit or deny the remaining allegations contained in paragraph 13 and therefore denies the same.

14. Medical Solutions admits that in his Petition against Medical Solutions, L.L.C. and Hays Medical Center, Inc., Walters alleged he resides at 2151 Feedlot Road, Hays, Kansas. Medical Solutions lacks sufficient information to admit or deny the remaining allegations contained in paragraph 14 and therefore denies the same.

15. Medical Solutions admits that in her Petition against Medical Solutions, L.L.C. and Hays Medical Center, Inc., Ficken alleged she resides at 420 Farmer Avenue, Andover, Kansas. Medical Solutions lacks sufficient information to admit or deny the remaining allegations contained in paragraph 15 and therefore denies the same.

16. Medical Solutions admits that in his Petition against Medical Solutions, L.L.C. and Hays Medical Center, Inc., Riedel alleged he is a resident of La Crosse, Rush County, Kansas. Medical Solutions lacks sufficient information to admit or deny the remaining allegations contained in paragraph 16 and therefore denies the same.

17. Medical Solutions admits that in their Petition against Medical Solutions, L.L.C. and Hays Medical Center, Inc., Ronnie Murphy and Connie Murphy, as co-executors of the Estate of Eleanor Murphy, allege they residents of Osborne County, Kansas, that they are two of four surviving children of Ms. Murphy and that they are the duly appointed executors of her estate. Medical Solutions lacks sufficient information to admit or deny the remaining allegations contained in paragraph 17 and therefore denies the same.

**JURISDICTION AND VENUE**

18. Medical Solutions admits that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and further admits that it is subject to personal jurisdiction in the state of Kansas. Medical Solutions denies the remaining allegations contained in paragraph 18.

19. While this District may be one of several proper venues to resolve the parties' disputes, Medical Solutions denies that this District is the most convenient forum for the parties and witnesses or in the interests of justice, and may move to transfer venue to the District of Nebraska pursuant to 28 U.S.C. § 1404(a).

20. Medical Solutions admits that defendants Wanda J. Braun, Thomas Walters, Linda Ficken, Donald Riedel and the Estate of Eleanor Murphy each brought actions in the District Court of Ellis County, Kansas. Further answering, to the extent the allegations in paragraph 20 contain legal conclusions, no response is required. Medical Solutions denies any remaining allegations contained in paragraph 20.

21. Medical Solutions states it is a temporary healthcare placement service. Medical Solutions denies any remaining allegations allegations contained in paragraph 21.

22. Medical Solutions is without sufficient information to admit or deny the allegations contained in paragraph 22 and therefore denies the same. This response may be supplemented as discovery continues.

23. Medical Solutions is without sufficient information to admit or deny the allegations contained in paragraph 23 and therefore denies the same. This response may be supplemented as discovery continues.

24. Medical Solutions is without sufficient information to admit or deny the allegations contained in paragraph 24 and therefore denies the same.

25. Medical Solutions is without sufficient information to admit or deny the allegations contained in paragraph 25 and therefore denies the same.

26. Medical Solutions is without sufficient information to admit or deny the allegations contained in paragraph 26 and therefore denies the same.

27. Medical Solutions states that the allegations of Braun's Petition speak for themselves. Further answering, Medical Solutions is without sufficient information to admit or deny the allegations contained in paragraph 27 and therefore denies the same.

28. Medical Solutions states that the allegations of Walters' Petition speak for themselves. Further answering, Medical Solutions is without sufficient information to admit or deny the allegations contained in paragraph 28 and therefore denies the same .

29. Medical Solutions states that the allegations of Ficken's Petition speak for themselves. Further answering, Medical Solutions is without sufficient information to admit or deny the allegations contained in paragraph 29 and therefore denies the same.

30. Medical Solutions states that the allegations of Riedel's Petition speak for themselves. Further answering, Medical Solutions is without sufficient information to admit or deny the allegations contained in paragraph 30 and therefore denies the same.

31. Medical Solutions states that the allegations of Murphy's Petition speak for themselves. Further answering, Medical Solutions is without sufficient information to admit or deny the allegations contained in paragraph 31 and therefore denies the same.

32. Medical Solutions is without sufficient information to admit or deny the allegations contained in paragraph 32 and therefore denies the same.

33. Medical Solutions Medical Solutions is without sufficient information to admit or deny the allegations contained in paragraph 33 and therefore denies the same.

34. Medical Solutions is without sufficient information to admit or deny the allegations contained in paragraph 34 and therefore denies the same.

35. Admits the allegations contained in paragraph 35.

36. Medical Solutions is without sufficient information to admit or deny the allegations contained in paragraph 36 and therefore denies the same.

37. Admits the allegations contained in paragraph 37.

38. Medical Solutions states the allegations in the lawsuits filed by the individual defendants speak for themselves. Medical Solutions denies any remaining factual allegations contained in paragraph 38.

39. Medical Solutions states the allegations in the lawsuits filed by the individual defendants speak for themselves. Medical Solutions denies any remaining factual allegations contained in paragraph 39.

40. Medical Solutions states the allegations in the lawsuits filed by the individual defendants speak for themselves. Medical Solutions denies any remaining factual allegations contained in paragraph 40.

41. Admits the allegations contained in paragraph 41.

42. To the extent the allegations in paragraph 42 contain legal conclusions, no response is required. Medical Solutions denies any remaining allegations contained in paragraph 42.

43. Medical Solutions states that the terms of the 2010 Policy speak for themselves. To the extent the allegations contained in paragraph 43 contain legal conclusions, no response is required. Medical Solutions denies any remaining allegations contained in paragraph 43.

44. Admits the allegations contained in paragraph 44.

45. Medical Solutions states that the terms of the 2010 Policy speak for themselves. To the extent the allegations contained in paragraph 45 contain legal conclusions, no response is required. Medical Solutions denies any remaining allegations contained in paragraph 45.

46. Medical Solutions states that the terms of the 2010 Policy speak for themselves. To the extent the allegations contained in paragraph 46 contain legal conclusions, no response is required. Medical Solutions denies any remaining allegations contained in paragraph 46.

47. To the extent the allegation in paragraph 47 relates to the 2010 Policy, Medical Solutions admits the allegations in paragraph 47. Medical Solutions denies any other allegations contained in paragraph 47.

48. Medical Solutions states that the terms of the 2010 Policy speak for themselves. To the extent the allegations contained in paragraph 48 contain legal conclusions, no response is required. Medical Solutions denies any remaining allegations contained in paragraph 48.

49. Medical Solutions states that the terms of the 2010 Policy speak for themselves. To the extent the allegations contained in paragraph 49 contain legal conclusions, no response is required. Medical Solutions denies any remaining allegations contained in paragraph 49.

50. Medical Solutions states that the terms of the 2010 Policy speak for themselves. To the extent the allegations contained in paragraph 50 contain legal conclusions, no response is required. Medical Solutions denies any remaining allegations contained in paragraph 50.

51. Admits the allegations contained in paragraph 51.

52. Medical Solutions states that the terms of the 2011 Policy speak for themselves. To the extent the allegations contained in paragraph 52 contain legal conclusions, no response is required. Medical Solutions denies any remaining allegations contained in paragraph 52.

53. Admits the allegations contained in paragraph 53.

54. Admits the allegations contained in paragraph 54.

55. Admits the allegations contained in paragraph 55.

56. Medical Solutions states that the terms of the 2012 Policy speak for themselves. To the extent the allegations contained in paragraph 56 contain legal conclusions, no response is required. Medical Solutions denies any remaining allegations contained in paragraph 56.

57. Medical Solutions states that the terms of the 2012 Policy speak for themselves. To the extent the allegations contained in paragraph 57 contain legal conclusions, no response is required. Medical Solutions denies any remaining allegations contained in paragraph 57.

58. Medical Solutions states that the terms of the 2012 Policy speak for themselves. To the extent the allegations contained in paragraph 58 contain legal conclusions, no response is required. Medical Solutions denies any remaining allegations contained in paragraph 58.

59. Medical Solutions states that the terms of the 2012 Policy speak for themselves. To the extent the allegations contained in paragraph 59 contain legal conclusions, no response is required. Medical Solutions denies any remaining allegations contained in paragraph 59.

## **FIRST CLAIM FOR RELIEF – ALLEGED NO COVERAGE UNDER THE 2012 POLICY**

60. Paragraph 60 is admitted and denied as specified above.

61. Admits the allegations contained in paragraph 61.

62. Denies the allegations as stated in paragraph 62.

63. Medical Solutions states that the terms of the 2012 Policy speak for themselves. To the extent the allegations contained in paragraph 63 contain legal conclusions, no response is required. Medical Solutions denies any remaining allegations contained in paragraph 63.

64. Denies the allegations contained in paragraph 64.

65. Denies the allegations contained in paragraph 65.

66. Denies the allegations contained in paragraph 66.

## SECOND CLAIM FOR RELIEF – ALLEGED NO COVERAGE UNDER THE 2010 POLICY

67. Paragraph 67 is admitted and denied as specified above.

68. Denies the allegations contained in paragraph 68.

69. Medical Solutions states that the terms of the 2010 Policy speak for themselves. To the extent the allegations contained in paragraph 69 contain legal conclusions, no response is required. Medical Solutions denies any remaining allegations contained in paragraph 69.

70. Denies the allegations contained in paragraph 70.

71. Denies the allegations contained in paragraph 71.

72. Denies the allegations contained in paragraph 72.

73. Denies the allegations contained in paragraph 73.

74. Medical Solutions denies each and every allegation of the Complaint which is not specifically admitted in this Answer and specifically denies that Plaintiff is entitled to any of the relief sought in the Complaint.

## DEFENSES

75. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

76. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

77. Plaintiff's claims are barred, in whole or in part, by the applicable contractual provisions and conditions.

78. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and waiver.

79. Medical Solutions reserves the right to assert other defenses as discovery and evidence allows.

WHEREFORE, Defendant Medical Solutions, L.L.C. prays for judgment dismissing with prejudice all claims asserted by Plaintiff Evanston Insurance Company, awarding Medical Solutions its attorney fees and Court costs incurred herein, and awarding Medical Solutions such other, further and different relief as to this Court seems just and equitable.

## COUNTERCLAIMS

Medical Solutions, L.L.C. ("Medical Solutions"), in support of its claims against Evanston Insurance Company ("Evanston"), states and alleges as follows:

1. In this action, Medical Solutions seeks a declaratory judgment that Evanston has a duty to provide coverage and indemnity under a certain policy of insurance and a declaratory judgment of the single occurrence and aggregate liability limits. Medical Solutions also brings state law claims for Evanston's breach of an insurance contract.

2. Medical Solutions, L.L.C. is a limited liability company organized under the laws of Delaware, with its principal place of business in Omaha, Nebraska.

3. Evanston Insurance Company is an insurance company organized under the laws of Illinois with its principal place of business in Illinois. Evanston is registered as a foreign corporation with the Nebraska Department of Insurance and does business in and throughout Nebraska. Pursuant to the policies of insurance at issue in this matter, Evanston agreed that service of process may be made upon Secretary, Legal Department, Markel Midwest, Ten Parkway North, Deerfield, IL 60015.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because Medical Solutions and Evanston are citizens of different states and the

amount in controversy exceeds $75,000.00, in that Medical Solutions faces insured claims in excess of $75,000.00 in lawsuits filed in the District Court for Ellis County, Kansas.

5. This Court further has subject matter jurisdiction over this matter pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, there being an actual case or controversy amongst the parties; the matter arises as well under 28 U.S.C. § 1367, there being supplemental jurisdiction over the related state law breach of contract and bad faith claims.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a), (b) and (c) because this is a civil action in which several defendants reside and wherein a substantial part of the events or omissions giving rise to the claims occurred in this District. Venue is proper in this District as Evanston has purposely availed itself of this District when it brought suit against Medical Solutions herein. However, while this District may be one of several proper venues to resolve the parties' disputes, this District is not the most convenient forum for the parties and witnesses or in the interests of justice, and Medical Solutions may move to transfer venue pursuant to 28 U.S.C. § 1404(a).

## BACKGROUND

7. Medical Solutions is a healthcare staffing firm located in Omaha, Nebraska that offers temporary professional healthcare positions at facilities throughout the United States.

8. David Kwiatkowski ("Kwiatkowski"), was a radiologic technician.

9. Kwiatkowski was eventually assigned to the Hays Medical Center in Hays, Kansas in May of 2010 where he worked in the cardiac catheterization laboratory.

10. Upon information and belief, in June 2010 Kwiatkowski was diagnosed with hepatitis C.

11

11. Five former patients of Hays Medical Center (sometimes referred to as "the Patient Plaintiffs") brought actions in the District Court of Ellis County, Kansas against both Hays Medical Center and Medical Solutions (hereinafter, "the Lawsuits"). See[1] *Braun v. Hays Medical Center, Inc., et al*, Case No. 14-cv-105 (Exhibit "A" at Filing No. 1-1); *Walters v. Hays Medical Center, Inc., et al*, Case No. 14-cv-102 (Exhibit "B" at Filing No. 1-2); *Ficken v. Hays Medical Center, Inc., et al*, Case No. 14-cv-103 (Exhibit "C" at Filing No. 1-3); *Riedel v. Medical Solutions, L.L.C., et al*, Case No. 13-cv-88 (Exhibit "D" at Filing No. 1-4); *Murphy, et al, v. Hays Medical Center, Inc., et al*, Case No. 14-cv-104 (Exhibit "E" at Filing No. 1-5).

12. The Patient Plaintiffs alleged Kwiatkowski, while working at Hays Medical Center, took certain actions that resulted in the Patient Plaintiffs[2] becoming infected with hepatitis C.

13. The Lawsuits also allege, in relevant part, that Medical Solutions is vicariously liable for the negligent acts of Kwiatkowski and that Medical Solutions negligently hired, trained, supervised and monitored Kwiatkowski. *See, e.g.* Exhibit A at ¶¶ 67 and 73.

14. After being served with the Lawsuits, Medical Solutions tendered defense to Evanston pursuant to certain policies of insurance, specifically, Policy No. SM-870298 ("2010 Policy"), and Policy No. SM-885033 ("2012 Policy").

15. The 2010 Policy was in effect from February 11, 2010 to February 11, 2011. A true and correct copy of the 2010 Policy is attached to Evanston Insurance Co.'s Complaint as Exhibit "F" and is incorporated herein by reference. *See* (Filing No. 1-6).

---

[1] In an attempt to reduce the size of the Court file, Medical Solutions incorporates by reference Exhibits A-E of Evanston Insurance's Complaint in lieu of attaching the identical Exhibits here. (Filing Nos. 1-1 – 1-5).

[2] The plaintiffs in *Murphy v. Hays Medical Center, Inc, et al* are not the patients themselves but co-executors of the estate of Eleanor Murphy, who was a patient at Hays Medical Center but is now deceased.

16. The 2012 Policy was in effect from February 11, 2012 to February 11, 2013. A true and correct copy of the 2010 Policy is attached to Evanston Insurance Co.'s Complaint as Exhibit "G" and is incorporated herein by reference. *See* (Filing No. 1-7).

17. Both policies had coverages for "General Liability" and "Professional Liability." The General Liability coverage was limited to *occurrences* which took place during the policy period. The Professional Liability coverage was limited to *claims* made during the policy period.

18. Similarly, both polices had an "Each Occurrence" "Limits of Liability" of $2,000,000.00 and an "Aggregate" limit of $6,000,000.00.

19. The 2010 Policy is an 'eroding' policy in that amounts paid to defend claims made under the General Liability coverage reduce the amount available to pay claims. Specifically, the policy states, in relevant part:

> Claim Expenses incurred in defending and investigating a Claim shall be part of and shall not be in addition to the applicable Limits of Liability stated in Item 5.A. of the Declarations. Such Claim Expenses shall reduce the Limits of Liability [...].

Exhibit F at p. 43.

20. There is no corresponding 'eroding' provision for Professional Liability coverage under the either the 2010 Policy or the 2012 Policy.

21. Both policies were issued to Medical Solutions, Inc., although the 2012 Policy was amended on June 8, 2012 to reflect the fact that Medical Solutions, Inc. converted from a corporation to a limited liability company.

22. Medical Solutions tendered defense of the Lawsuits to Evanston on or about August 9, 2012.

23. Evanston undertook the defense under the terms of the Professional Liability coverage of the 2012 Policy.

24. Three years after undertaking this defense, and without previously reserving its rights, Evanston has now issued a purported Reservation of Rights letter ("ROR") to Medical Solutions.

25. Evanston has now determined that the allegations against Medical Solutions, which remain unchanged since Evanston originally accepted the claim and began defending in 2012, would actually fall within a 'criminal acts' exception in the 2012 Policy.

26. Instead of continuing with the defense and indemnification under the 2012 Policy, Evanston now alleges that it has a duty to defend and indemnify, potentially, only under the terms of the 2010 Policy, which as stated above, deducts claims expenses, like defense costs, from the liability limits.

27. Further, Evanston also now alleges that instead of each Lawsuit being an individual occurrence, thus subject to the $6,000,000.00 aggregate liability limits, all five claims are actually based on one occurrence, *i.e.* when Medical Solutions hired Kwiatkowski, and thus according to Evanston, the liability limit is $2,000,000.00.

28. As noted above, the Lawsuits allege liability for vicarious liability based on the actions of Kwiatkowski, so each time Kwiatkowski infected a patient with hepatitis C there was a separate 'occurrence'. Upon information and belief, Medical Solutions alleges there are at least five occurrences at issue and the aggregate limit should apply.

29. The Lawsuits further allege that Medical Solutions was negligent not only in "hiring and placing" Kwiatkowski as Evanston alleges, but also in "failing to properly train, test, supervise and monitor" Kwiatkowski and in "failing to review [Kwiatkowski's] competence and/or qualifications." *See, e.g.,* Filing No. 1-3 at ¶ 73(a) and (b). These are covered claims under the Policies. Thus, as alleged in the Lawsuits, the 'occurrence' was not limited to hiring

and placing Kwiatkowski; there would also be separate occurrences for training, testing, supervising, monitoring and reviewing.

## FIRST CLAIM FOR RELIEF
## DECLARATION OF DUTY TO DEFEND

30. Medical Solutions incorporates paragraphs 1 through 29 of this Complaint, inclusive, as if fully set forth herein.

31. Even though Evanston acknowledged timely notice of the claims under both the 2010 and 2012 Policies, Evanston has now denied defense and indemnification under the 2012 Policy.

32. The refusal of Evanston to defend and indemnify Medical Solutions under the non-eroding Professional Liability coverage of the 2012 Policy has and will cause Medical Solutions damages.

33. Medical Solutions and Evanston are parties to certain insurance policies which affect certain rights, status and other legal relations of Medical Solutions. There is an actual and justiciable controversy or uncertainty among Medical Solutions and Evanston concerning certain rights, duties and obligations under such policies, which controversy may be terminated or which uncertainty may be removed by a judgment or decree.

34. Evanston's duty under the 2012 Policy to defend and indemnify Medical Solutions for claims made during the term of the 2012 Policy apply to the claims made by Medical Solutions and no exclusions or limits to coverage within such policy are applicable or enforceable.

## SECOND CLAIM FOR RELIEF
## DECLARATION OF DUTY TO DEFEND
## AND ESTABLISH LIABILITY LIMITS

35. Medical Solutions incorporates paragraphs 1 through 34 of this Complaint, inclusive, as if fully set forth herein.

36. Both the 2010 Policy and the 2012 Policy have an Occurrence Liability Limit and an Aggregate Limit.

37. In 2012, Evanston accepted Medical Solutions' tender of defense of the Lawsuits under the Professional Liability coverage of the 2012 Policy. Three years later, without any change in circumstances, Evanston now intends to refuse to provide a defense or indemnification under the 2012 Policy.

38. Instead, Evanston has now issued a reservation of rights in which it stated its intention to defend and indemnify under the 2010 Policy and to limit any liability under the 2010 Policy to the single occurrence limit.

39. The refusal of Evanston to apply the Aggregate Limit will cause Medical Solutions damages.

40. Medical Solutions and Evanston are parties to certain insurance policies which affect certain rights, status and other legal relations of Medical Solutions. There is an actual and justiciable controversy or uncertainty among Medical Solutions and Evanston concerning certain rights, duties and obligations under such policies, which controversy may be terminated or which uncertainty may be removed by a judgment or decree, including but not limited to whether the events giving rise to the claim involve a single 'occurrence' and the corresponding amount of liability coverage available.

## THIRD CLAIM FOR RELIEF
## EVANSTON IS ESTOPPED TO DENY COVERAGE

41. Medical Solutions incorporates paragraphs 1 through 40, inclusive, as if fully set forth herein.

42. The claims against Medical Solutions have not materially changed since the the Lawsuits were initially filed and the claims were submitted to Evanston on or about August 9, 2012. Indeed, the purported coverage exceptions set forth by Evanston in its Reservation of Rights letter are all based on allegations initially made in the Lawsuits.

43. As a result, Evanston had sufficient knowledge of all facts and circumstances surrounding this matter, which allegedly support its claim of non-coverage, since at least 2012.

44. Despite this knowledge, Evanston assumed, and then continued, the defense of Medical Solutions in the Lawsuits without providing a reservation of rights agreement for a period of three years.

45. Evanston's assumption of complete control over the matter for over three years, without a reservation of rights, prejudiced the rights of Medical Solutions, including, but not limited to, Medical Solutions' ability to settle with some or all of the individual defendants.

46. Medical Solutions suffered harms and/or prejudice as a result of Evanston's conduct. As a result, Evanston is estopped from denying coverage under the terms of the 2010 Policy and and 2012 Policy.

## FOURTH CLAIM FOR RELIEF
## BREACH OF CONTRACT

47. Plaintiff incorporates paragraphs 1 through 46, inclusive, as if fully set forth herein.

48. Pursuant to the terms of the 2012 Policy issued by Evanston, Evanston agreed to defend and indemnify Medical Solutions for professional liability claims made during the term of the 2012 Policy.

49. Evanston has failed and refused to defend and indemnify Medical Solutions under the Professional Liability coverage of the 2012 Policy and has asserted certain unreasonable interpretations or unenforceable provisions of the policies issued by Evanston.

50. Evanston has breached the 2012 Policy it issued to Medical Solutions and the implied covenant of good faith and fair dealing.

51. Medical Solutions performed all conditions precedent and substantially performed its duties under the policies issued by Evanston.

52. As a direct and proximate result of Evanston's breaches, Medical Solutions has been damaged and has incurred attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Medical Solutions, L.L.C., respectfully prays for judgment in its favor and against Evanston Insurance Company on its claims for declaratory relief as follows:

A. Declaring that Evanston Insurance Company has a duty under the 2012 Policy to provide a defense to Medical Solutions, L.L.C. to the Lawsuits currently pending against Medical Solutions, L.L.C., in the District Court for Ellis County, Kansas;

B. Declaring that Evanston Insurance Company has a duty to provide indemnification to Medical Solutions, L.L.C. and determining the amount of single liability limits or aggregate liability limits available;

C. Finding that Evanston Insurance Company has breached the terms of 2012 Policy by refusing to provide defense and indemnification to Medical Solutions, L.L.C. in the

cases pending against Medical Solutions, L.L.C., in the District Court for Ellis County, Kansas;

D. Finding that Evanston Insurance Company is estopped to deny coverage and indemnification under both the 2010 Policy and 2012 Policy;

E. Awarding Medical Solutions, L.L.C. its general damages, attorney fees, and costs pursuant to Neb. Rev. Stat. § 44-359 or any other applicable statute or legal authority allowing for attorney fees; and

F. Awarding Medical Solutions, L.L.C. such other, further, and different relief as to the Court seems just and equitable.

**DEMAND FOR JURY TRIAL AND REQUEST FOR PLACE OF TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Medical Solutions hereby demands trial by jury on all issues raised by these Counterclaims that may be tried to a jury. Medical Solutions further requests that any proceedings in this case be held in Kansas City, Kansas.

Dated this 4th day of January 2016.

MEDICAL SOLUTIONS, L.L.C., Defendant,

By: _____
Jon A. Blongewicz, KS #12143
Jon A. Blongewicz, Attorney at Law, P.A.
11150 Overbrook Road, Suite 350
Leawood, KS 66211-2298
913-661-9600
913-661-9614 (facsimile)
blongewicz@leawoodattorneys.com
  and
John Lingelbach
(*pro hac vice* forthcoming)
KOLEY JESSEN P.C., L.L.O.
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE 68124-1079
(402) 390 9500
(402) 390 9005 (facsimile)
John.Lingelbach@koleyjessen.com

*Attorneys for Defendant Medical Solutions, L.L.C.*

## CERTIFICATE OF SERVICE

On this 4th day of January, 2016, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all CM/ECF participants, including:

_____
Jon Blongewicz